**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KELLEY NUTTALL,** | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | |
| **PROGRESSIVE PARMA CARE CENTER,** | ) | **COMPLAINT** |
| **LLC. d/b/a PARMA CARE CENTER** | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Plaintiff Kelley Nuttall, by and through counsel, brings this Complaint against Defendant Progressive Parma Care Center, LLC d/b/a Parma Care Center, and alleges as follows:

## PARTIES

1.     Plaintiff is an adult individual residing in Cuyahoga County, Ohio. Plaintiff was employed by Defendant as an Activity Director during all times relevant to this Complaint.

2.     Defendant is a domestic limited liability company with a principal place of business in Cuyahoga County.  Defendant can be served through its registered agent 350 Corporate Circle, Inc., 30100 Chagrin Boulevard, Cleveland, OH 44124.

3.     At all times relevant to this Complaint, Defendant was an employer covered by the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. (the "FMLA").

4.     At all times relevant to this Complaint, Plaintiff was an eligible employee of Defendant as defined by 29 U.S.C. § 2611(2) because Plaintiff was employed by Defendant for more than 12 months and worked at least 1,250 hours for Defendant during the relevant twelve-month period.

## JURISDICTION AND VENUE

5.      Jurisdiction in this case is based on 28 U.S.C. § 1331. This action arises under the FMLA.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (2).

## STATEMENT OF FACTS

7.      Plaintiff was employed by Defendant as an Activity Director for approximately five years.

8.      In March 2020, Plaintiff was exposed to a patient who was confirmed positive for COVID 19.

9.      Plaintiff began experiencing symptoms of COVID-19, and made an appointment with her physician.  On March 30, 2020, Plaintiff was diagnosed to have contracted COVID-19. Plaintiff's physician directed her to refrain from working until she had recovered and could be confirmed to no longer be contagious.  This required Plaintiff to miss at least 10 consecutive days of work.

10.     As Plaintiff was unable to work because of her diagnosis, Plaintiff was incapacitated with a serious health condition within the meaning of 29 CFR § 825.113, and required a leave of absence until she recovered from COVID-19.

11.     Plaintiff immediately informed Defendant of her need for leave on March 30, and requested Defendant's assistance in coordinating FMLA paperwork.  Defendant did not provide FMLA paperwork.  Instead, Defendant's Executive Director sent Plaintiff a text message on the date of Plaintiff's request for leave stating "I understand that some leaders are going to step up and some leaders are going to step back.  Wish you well."

12.     Defendant terminated Plaintiff's employment rather than providing Plaintiff with leave as required by the FMLA.  By April 2, 2020, Defendant had publicly posted a job vacancy for Plaintiff's replacement.

13.     At the time of her request for leave, Plaintiff had been continuously employed as a full-time employee for well over 12 months, and she had worked more than 1,250 hours in the preceding year.   Thus, Plaintiff was a covered employee within the meaning of the FMLA.

14.     Defendant was also a covered employer under the FMLA, as Defendant employed over 50 employees.

15.     In informing Defendant of her need for a leave of absence, Plaintiff had provided Defendant with "enough information to reasonably conclude that an event described in the FMLA § 2612(a)(1) has occurred."  *Wallace v. FedEx Corp*., 764 F.3d 571 (6th Cir. 2014); *Cavin v. Honda of Am. Mfg., Inc*., 346 F.3d 713, 723-724 (6th Cir. 2003); *Hammon v. DHL Airways, Inc*., 165 F.3d 441, 451 (6th Cir. 1999)).   Thus, Defendant was on Notice of Plaintiff's need for FMLA leave.

16.     Although Defendant was on notice of Plaintiff's need for FMLA leave, Defendant failed to provide Plaintiff with required notices of eligibility as described in the FMLA regulations. *See* 29 CFR 825.300.  Moreover, Defendant failed to provide Plaintiff with a protected leave of absence, and instead terminated Plaintiff's employment.

17.     By failing to provide notices as required by the FMLA, and by terminating Plaintiff's employment for taking leave protected by the FMLA, Defendant interfered with Plaintiff's rights under the FMLA.

## COUNT I
### (Violation of FMLA – Interference / Wrongful Termination)

18.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

19.    At all relevant times, Defendant was an employer as defined by the FMLA, and Plaintiff was an eligible employee entitled to rights under the FMLA.

20.    Plaintiff's medical condition constituted a serious health condition as defined by the FMLA.

21.    Plaintiff required FMLA leave due to her serious health condition. Plaintiff informed Defendant of this need for FMLA, and Defendant was on notice of such need.

22.    Defendant's failure to provide Plaintiff with required FMLA notices and a period of FMLA-protected leave interfered with Plaintiff's rights under the FMLA, and directly resulted in the termination of her employment.

23.    As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered and will continue to suffer damages.  Plaintiff is entitled to recover, without limitation, damages equal to wages, salary, employment benefits, other compensation denied or lost, and/or actual monetary losses, plus interest, liquidated damages and attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.    Awarding Plaintiff compensatory damages;

2.    Awarding Plaintiff liquidated damages;

3.    Awarding Plaintiff her reasonable costs and attorney fees; and

4.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Christopher J. Lalak*
**NILGES DRAHER LLC**
Christopher J. Lalak (0090079)
Jeffrey J. Moyle (0084854)
614 West Superior Avenue
Suite 1148
Cleveland, Ohio 44113
Telephone 216.230.2955
Email:      clalak@ohlaborlaw.com
                jmoyle@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

/s/ *Christopher J. Lalak*
Christopher J. Lalak

*Counsel for Plaintiff*