IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KELLEY NUTTALL, | : | CASE NUMBER 1:20-cv-01266 |
| Plaintiff, | : | JUDGE DONALD C. NUGENT |
| vs. | : | ANSWER OF DEFENDANT, PARMA CARE CENTER, LLC dba PARMA CARE CENTER |
| PROGRESSIVE PARMA CARE CENTER, LLC dba PARMA CARE CENTER, | : | |
| | : | (Jury Demand Endorsed Hereon) |
| Defendant. | | |

Defendant, Progressive Parma Care Center, LLC dba Parma Care Center, for its Answer to Plaintiff's Complaint, states:

1. Admits the allegations in Paragraph 1 of Plaintiff's Complaint.

2. Admits the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Admits the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Admits that Plaintiff was employed as an Activity Director. Denies all other allegations in Paragraph 7 of Plaintiff's Complaint.

1

8. Admits that a patient was confirmed positive with COVID-19. Denies for want of knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 8 of Plaintiff's Complaint.

9. Denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Admits the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. The answers, denials, statements, and admissions in Paragraphs 1 through 17 of this Answer are restated and realleged as if fully rewritten.

19. Admits that Defendant was an employer as defined by the FMLA and that Plaintiff was an eligible employee. To the extent that Paragraph 19 of Plaintiff's Complaint alleges or implies any wrongdoing or an unlawful act, the allegations are denied.

20. Denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Denies the allegations in Paragraph 23 of Plaintiff's Complaint.

AFFIRMATIVE DEFENSES

24. Plaintiff has failed to set forth a claim upon which relief can be granted.

25. Plaintiff's Complaint is not plausible.

26. Plaintiff has failed to set forth a prima facie case.

27. Plaintiff did not have a serious medical condition as defined by the FMLA, 29 U.S.C §2611 and 29 CFI §825.113.

28. Plaintiff failed to exhaust administrative remedies.

29. Plaintiff's Complaint is barred by the doctrines of settlement, waiver, and release.

30. Plaintiff's Complaint is barred by the applicable statute of limitations.

31. Plaintiff failed to mitigate her damages.

32. The termination of Plaintiff's employment was legitimately based on business needs and requirements.

33. Plaintiff's damages, if any, were the result of her actions or failure to act.

34. Plaintiff's claims are barred because Progressive was not the proximate cause of any injuries suffered by Plaintiff.

35. Plaintiff's claims are barred because Progressive acted in all applicable times reasonably and in good faith.

36. Plaintiff's claims for damages are subject to limitations and caps as set forth in applicable law.

37. Plaintiff's damages, if any, must be reduced by evidence acquired after the termination of her employment which, if known while Plaintiff was employed, would have been grounds for termination under the after-acquired evidence doctrine.

38. Plaintiff's claims are barred to the extent that they are mutually exclusive.

39. Progressive had just cause to terminate Plaintiff's employment.

40. Plaintiff voluntarily quit or resigned her employment with Defendant.

Defendant reserves the right to assert additional defenses based upon discovery and further proceedings in this matter.

WHEREFORE, Defendant, Progressive Parma Care Center, LLC dba Parma Care Center, demands judgment in its favor, that Plaintiff's Complaint be dismissed with prejudice, that Defendant recover its costs, including reasonable attorneys' fees, and any further relief which this Court deems appropriate.

> Respectfully submitted,
>
> DINN, HOCHMAN & POTTER, LLC
>
> /s/ Steven B. Potter
> STEVEN B. POTTER (0001513)
> 5910 Landerbrook Drive, Suite 200
> Cleveland, Ohio  44124
> Telephone: (440) 446-1100
> Facsimile:   (440) 446-1240
> E-Mail: spotter@dhplaw.com
> Attorneys for Defendant

## JURY DEMAND

Defendant, Progressive Parma Care Center, LLC dba Parma Care Center, hereby demands a trial by jury pursuant to the Federal Rules of Civil Procedure.

> DINN, HOCHMAN & POTTER, LLC
>
> /s/ Steven B. Potter
> STEVEN B. POTTER (0001513)
> Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2020, the foregoing Answer of Defendant, Progressive Parma Care Center, LLC dba Parma Care Center, was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                          DINN, HOCHMAN & POTTER, LLC

                                                          /s/ Steven B. Potter
                                                          STEVEN B. POTTER (0001513)
                                                          Attorneys for Defendant